UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCUS CHRISTOPHER CATO, ) | 1:08-CV-00291 OWW SMS HC |
| ) | |
| Petitioner, ) | FINDINGS AND RECOMMENDATION |
| ) | REGARDING PETITION FOR WRIT OF |
| v. ) | HABEAS CORPUS |
| ) | |
| D. K. SISTO, Warden, ) | |
| ) | |
| Respondent. ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

On February 28, 2008, Petitioner filed the instant petition for writ of habeas corpus in this Court. Petitioner challenges the California Supreme Court's determination that Petitioner, as a third-striker, is precluded under California law from earning good time credits toward his sentence.

**DISCUSSION**

A. Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

If it plainly appears from the petition and any attached exhibits that the petitioner is not

>   entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.  Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute.  Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution."  28 U.S.C. § 2254(a) states:

>   The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added).  See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court.  The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

>   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

In the instant case, Petitioner contends the California Department of Corrections and Rehabilitation ("CDCR") has violated his constitutional rights to liberty, due process, and protection from an Ex Post Facto law when it denied him the ability to earn "good conduct" time credits against his sentence. The CDCR determined the Three Strikes law authorized good conduct credits for use

1  only against determinate terms of imprisonment, but not indeterminate terms. The CDCR concluded
2  that Petitioner, a "three-striker," was foreclosed from earning good conduct credits because he was
3  sentenced under California's Three Strikes law. See Cal. Penal Code §§ 667(c)(5), 1170.12(a)(5).
4  Petitioner fails to state a cognizable federal claim for several reasons.
5      First, Petitioner fails to establish that an Ex Post Facto violation occurred. The Ex Post Facto
6  clause prohibits a state from enacting a law that imposes additional punishment for a crime than the
7  punishment was when the defendant committed the crime. Weaver v. Graham, 450 U.S. 24, 28
8  (1981). In this case, the Three Strikes law was enacted prior to Petitioner's commission of the
9  offense, and he was sentenced accordingly. The CDCR initially interpreted the law to authorize a
10 defendant with three strikes to be awarded prison conduct credits against his mandatory
11 indeterminate term of life imprisonment. In re Cervera, 24 Cal.4th 1073, 1076 (2001). However, in
12 People v. Stofle, 45 Cal.App.4th 417, 420-421 (1996), the California Court of Appeal, First
13 Appellate District, interpreted the statute to disallow the awarding of such credits against a
14 mandatory indeterminate term. The CDCR then altered its interpretation accordingly. The California
15 Supreme Court, in In re Cervera, 24 Cal.4th 1073, 1081-1082 (2001), confirmed the interpretation
16 that the Three Strikes law authorizes good time credits against determinate terms only. Although a
17 change in an administrative interpretation of state law made by the agency itself may violate the Ex
18 Post Facto clause, a court decision authoritatively construing state law does not. Holguin v. Raines,
19 695 F.2d 372, 374 (9th Cir.1982), *citing* Mileham v. Simmons, 588 F.2d 1279, 1280 (9th Cir.1979).
20 In the latter case, the Ex Post Facto clause by its own terms does not apply. See Marks v. United
21 States, 430 U.S. 188, 191 (1977); United States v. Ruiz, 935 F.2d 1033, 1035 (9th Cir.1991).
22 Petitioner's challenge must therefore fail, because the change in interpretation was a result of judicial
23 statutory construction.
24      To the extent Petitioner challenges the California Supreme Court's ruling in In re Cervera
25 itself, that inmates may not earn good time credits to reduce the mandatory minimum time they must
26 serve if they have committed two or more prior strikes, the challenge must fail. This Court is bound
27 by the California Supreme Court's interpretation of California law; thus, the claim is not cognizable
28 on federal habeas review. Oxborrow v. Eikenberry, 877 F.2d 1395, 1399 (9th Cir.), *cert. denied*, 493

U.S. 942 (1989) (Federal courts are bound by state court rulings on questions of state law); see also. Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 10, 2008**            /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE